## The Heirs of William Klein

*v.*

## The State of Illinois.

*Opinion filed December 12, 1890.*

Waters—*damage caused by construction of a dam by the State.* The court reviews the evidence and finds that the claimant's lands have been damaged by the overflowing of the Illinois river caused by the construction of a dam across the said river by the State of Illinois.

In his lifetime and on the 20th of October, 1879, William Klein filed his sworn statement in this case in the Auditor's office of the State of Illinois wherein he claimed damages to the amount of $3,018.00 to the northeast fractional quarter of section 31 in township 13 north of range 10, east of the 4th P. M., containing 123 6-10 acres and to the northeast quarter; the northwest quarter and the southwest quarter of section 1 in township

12 north of range 9, east of the 4th P. M., containing 480 acres, all in Marshall county, Illinois.

That said damages were caused by the erection of a dam across the Illinois river near Copperas Creek by the authority of the State of Illinois in the month of October, 1877, and that claimant was then and ever after continued to be the owner of said lands.

That the dam caused the water in the river opposite said lands to rise from two to three feet higher than it would but for said dam.

That said lands were situated in the bottoms and low lands bordering upon said river and were subject to floods from said river. That the river was usually at low water mark in May, June, July, August, September and October of each year when said lands were left dry and yielded large crops of grass valuable for hay and pasture, and when under cultivation yielded profitable crops of corn and other grains. That by reason of the water being held higher opposite said lands they became water soaked and soft to such an extent that they will no longer bear animals with safety, and have become unproductive and nearly worthless and will so remain forever.

Most of the claims, and they are quite numerous, which have been filed on account of damages said to have occurred on account of the building of said dam are upon a printed blank and the averments with reference to the cause of damage, the manner of its affecting the land and the kind of crops for which the land was suitable are in most cases precisely the same.

In this case the depositions filed on the part of the complainant show the lands to have cost previous to the construction of the dam about $15.00 an acre and that they were suitable for cultivation. The testimony on the part of the State found in the reports of the civil engineer who was appointed under the law for the purpose of taking levels in the case shows that the northeast quarter of section 1 is a wet tract; that a line was run north and south through it midway be-

tween two lakes called Wise and Goose lakes and that the surface of the water in the lake is higher than the water in the river, and his conclusion was that this tract was caused to be wet by the lakes and that the water in the lakes was not raised by the dam; that a strip of land had been cultivated on the north side of the northwest quarter of section one and that the land descends south towards Goose lake when it is nearly on a level with the lake, the lake covering part of the tract and that the wetness of the land was caused by the lake; that a large part of the southwest quarter of said section one is covered by this same lake and that the south line of this tract is no higher than the lake.

After a careful consideration of all the evidence the Commissioners conclude that the northeast fractional quarter of said section 31 has not been damaged at all on account of the construction of said dam and that claimants' land in said section 1 have sustained some damage.

It is thought that previous to the construction of said dam the lakes mentioned might have been more effectually and easily drained, although it was never done. We have fixed the amount of damage sustained upon the several tracts in said section 1 at $300.00.

We find since the filing of said claim said William Klein departed this life intestate and that the damages allowed should be paid to the heirs of the said William Klein, who have been substituted as claimants on the records of this Commission, but not by their respective names.

We therefore award to the heirs of the said William Klein the aforesaid sum of $300.00 as and for the damage sustained as claimed.

We further find that said claim was filed within two years from the time of the completion of the said Copperas Creek dam and that said claim is not barred by the two years statute of limitations applicable to claims of this nature.